1  DANIEL G. BOGDEN
   United States Attorney
2  SUE FAHAMI
   Assistant United States Attorney
3  BRIAN L. SULLIVAN
   Assistant United States Attorney
4  100 W. Liberty Street, Suite 600
   Reno, Nevada 89501
5  Tel: (775) 784-5438
   Fax: (775) 784-5181
6  MARA M. KOHN
   Trial Attorney
7  Counterterrorism Section
   United States Department of Justice
8  Washington, D.C.

9  Attorneys for Plaintiff

```
    ✓  FILED            ___ RECEIVED
    ___ ENTERED         ___ SERVED ON
                        COUNSEL/PARTIES OF RECORD

            DEC 1 8 2013

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
    BY: _____ DEPUTY
```

10                   UNITED STATES DISTRICT COURT

                                                     **3:13-CR-0117-LRH-VPC**
11                        DISTRICT OF NEVADA

12  | UNITED STATES OF AMERICA, | INDICTMENT FOR VIOLATIONS OF: |
    Plaintiff,

13       v.                                TITLE 18, UNITED STATES CODE,
    BALWINDER SINGH,                       SECTION 956(a)(1) - Conspiracy to Murder,
14      aka Jhajj,                         Kidnap, and Maim Persons in a Foreign
        aka Happy,                         Country (Count One)
15      aka Possi,
        aka Baljit Singh,                  TITLE 18, UNITED STATES CODE,
16                  Defendant.             SECTION 2339A(a) - Conspiracy to Provide
                                           Material Support to Terrorists (Count Two)
17
                                           TITLE 18, UNITED STATES CODE,
18                                         SECTION 1546(a) - False Statement on an
                                           Immigration Document (Count Three)
19
                                           TITLE 18, UNITED STATES CODE,
20                                         SECTION 1546(a) - Use of an Immigration
                                           Document Procured by Fraud (Counts Four
21                                         and Six)

22                                         TITLE 18, UNITED STATES CODE,
                                           SECTIONS 1028(a)(1) and (b)(4) - Unlawful
23                                         Production of an Identification Document
                                           (Count Five)
24

1

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times material to this indictment:

1. Babbar Khalsa International (BKI) was a terrorist organization composed of members of the Sikh religion whose goal was the creation of an independent Sikh state to be known as Khalistan in the Punjab region of India. BKI is listed as a terrorist organization on the United States Department of State's Terrorist Exclusion List and on the Office of Foreign Assets Control (OFAC) list.

2. BKI engaged in bombings, kidnappings, and murders in India to intimidate and compel the Indian government to create the state of Khalistan. BKI also assassinated individuals who were considered traitors to the Sikh religion and government officials who it considered responsible for atrocities against the Sikhs.

3. Wadhawa Singh Babbar, aka Chacha, was recognized as the leader of BKI and lived in Pakistan.

4. Khalistan Zinzabad Force (KZF) was a terrorist organization that had the same goal as BKI. KZF has been designated as a terrorist organization by the European Union.

5. Balwinder Singh, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh (Defendant) was a member of both BKI and KZF. He was a citizen of India and fled to the United States where he claimed asylum. He lived in the United States where he eventually obtained a Permanent Resident card from the United States. In 2012, Wadhawa Singh Babbar, aka Chacha, recognized the Defendant as the leader of BKI in the United States.

6. Gurjint Singh was a coconspirator who lived in India and received wire transfers of money from the Defendant which were to be used to support acts of terrorism in India.

7. Saroop Singh was a coconspirator who lived in India and received wire transfers of money from the Defendant which were to be used to support acts of terrorism in India.

## COUNT ONE

(Conspiracy to Murder, Kidnap, and Maim Persons in a Foreign Country)

1. The Grand Jury refers to and incorporates herein by reference all of the allegations set forth above in paragraphs 1-7 of the General Allegations.

2. Beginning on a date unknown, but no later than on or about November 30, 1997, and continuing up to the date of the return of this indictment, in the District of Nevada and elsewhere, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, did, within the jurisdiction of the United States, knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit acts outside the United States that would constitute the offenses of murder, kidnapping, and maiming if committed in the special and territorial jurisdiction of the United States, and one or more of the conspirators committed an act within the jurisdiction of the United States to effect an object of the conspiracy.

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was to advance the goals of BKI and KZF by raising money and obtaining weapons to support acts of terrorism in India.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the Defendant and other coconspirators sought to accomplish the object of the conspiracy included, among others, the following:

1. The Defendant used a false identity and obtained false identification documents in the United States so that he could travel back to India without being apprehended by the Indian authorities.

2. The Defendant communicated with other coconspirators by telephone while he was in the United States to discuss acts of terrorism to be carried out in India.

3. While discussing their plans to commit acts of terrorism, the Defendant and the coconspirators used code words to describe weapons, ammunition, and explosives.

4.	The Defendant sent money from the United States to other coconspirators in India.

5.	The Defendant traveled from the United States to Pakistan, India, and other countries to meet with coconspirators to assist in the planning of acts of terrorism in India.

6.	The Defendant provided advice to other coconspirators on how to carry out acts of terrorism in India.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts were committed within the jurisdiction of the United States:

1.	On or about November 30, 1997, the defendant signed an Application for Asylum and for Withholding of Deportation (Form I-589) in which he listed a false name and date of birth and submitted it to the Immigration and Naturalization Service, San Francisco, California.

2.	On or about April 7, 1999, the defendant signed an Application to Register Permanent Residence or Adjust Status (Form I-485) in which he listed a false name and date of birth and submitted it to the Immigration and Naturalization Service, San Francisco, California.  He also misrepresented his involvement in terrorist activities.

3.	On or about August 5, 2002, the defendant signed an Application for Travel Document (Form I-131) in which he listed a false name and date of birth and submitted it to the Immigration and Naturalization Service, San Francisco, California.  He also misrepresented the country he intended to visit.

4.	On or about March 19, 2003, the defendant traveled from India to John F. Kennedy airport in New York.

5.	On or about September 28, 2003, the defendant signed an Application for Travel Document (Form I-131) in which he listed a false name and date of birth and submitted it to U.S.

Citizenship and Immigration Services, San Francisco, California. He also misrepresented the country he intended to visit.

6. On or about May 25, 2005, the defendant signed an Application for Travel Document (Form I-131) in which he listed a false name and date of birth and submitted it to U.S. Citizenship and Immigration Services, San Francisco, California. He also misrepresented the country he intended to visit.

7. On or about January 21, 2006, the defendant traveled from Pakistan to John F. Kennedy airport in New York.

8. On or about May 16, 2008, the defendant sent $935.75 to Gurgant Singh in India through Western Union in Turlock, California.

9. On or about June 17, 2008, the defendant sent $985.00 to Saroop Singh in India through Western Union in Turlock, California.

10. On or about September 22, 2008, the defendant sent $443.25 to Gurjint Singh in India through Western Union in Las Vegas, Nevada.

11. On or about October 14, 2008, the defendant sent $197.00 to Saroop Singh in India through Western Union in Las Vegas, Nevada.

12. On or about February 26, 2009, the defendant sent $167.45 to Gurjint Singh in India through Western Union in Las Vegas, Nevada.

13. On or about March 31, 2009, the defendant sent $197.00 to Gurjint Singh in India through Western Union in Las Vegas, Nevada.

14. On or about May 7, 2009, the defendant sent $472.80 to Gurjint Singh in India through Western Union in Reno, Nevada.

15. On or about September 14, 2009, the defendant sent $591.00 to Gurjint Singh in India through Western Union in Reno, Nevada.

16. On or about January 4, 2010, the defendant signed an Application to Register Permanent Residence or Adjust Status (Form I-485) in which he listed a false name and date of birth and submitted it to U.S. Citizenship and Immigration Services, San Francisco, California. He also misrepresented his involvement in terrorist activities.

17. On or about September 6, 2010, the defendant sent $98.50 to Gurjint Singh in India through Western Union in Valley Grove, West Virginia.

18. On or about September 28, 2010, the defendant sent $98.50 to Gurjint Singh in India through Western Union in Sparks, Nevada.

19. On or about October 5, 2010, the defendant sent $98.50 to Gurjint Singh in India through Western Union in Lake Havasu, Arizona.

20. On or about August 22, 2011, the defendant sent $886.50 to Saroop Singh in India through Western Union in Reno, Nevada.

21. On or about December 1, 2011, the defendant asked Saroop Singh to deliver some money to Gurjant.

22. On or about January 10, 2012, the defendant and Bugga discussed the delivery of ammunition and the defendant asked him to tell the elders or higher authorities that the goods can be delivered wherever they need them.

23. On or about January 12, 2012, the defendant told an unidentified male to get him some big weapons/explosives from Vadde and that if Vadde wanted him to do a job for him he could create chaos wherever he wanted.

24. On or about March 26, 2012, the defendant asked Saroop for assistance in getting a fraudulent Indian passport.

25. On or about March 28, 2012, the defendant gave false biographical information about himself to an unidentified male in order to obtain a fraudulent Indian passport.

26. On or about April 27, 2012, the defendant made arrangements to have a weapon and ammunition ready for him when he arrived in India so that he could shoot an individual that he described as a turncoat.

27. On or about May 15, 2012, the defendant gave advice and instructions on how to make an explosive device to an unidentified male during three separate telephone conversations.

28. On June 21, 2012, the defendant and Kulveer discussed the status of the defendant's fraudulent Indian passport.

29. On or about July 7, 2012, the defendant and Kulveer discussed the status of the defendant's fraudulent Indian passport.

30. On or about July 13, 2012, the defendant signed an Application for Travel Document (Form I-131) in which he listed a false name and date of birth. He also misrepresented the purpose of the trip because he intended to return to India. He also misrepresented his previous travel to India after he was accorded refugee/asylee status in the United States.

31. On or about July 16, 2012, the defendant mailed the Application for Travel Document (Form I-131) from Reno, Nevada, to U.S. Citizenship and Immigration Services, Phoenix, Arizona, in which he listed a false name and date of birth.

32. On or about July 26, 2012, the defendant applied for a Nevada Commercial Driver License at the Nevada Department of Motor Vehicles, Sparks, Nevada, using a false name and date of birth.

33. On or about July 26, 2012, the defendant used a Permanent Resident Card he obtained by fraud from U.S. Citizenship and Immigration Services to apply for a Nevada Commercial Driver License at the Nevada Department of Motor Vehicles, Sparks, Nevada.

34. On or about August 10, 2012, the defendant appeared in person at U.S. Citizenship and Immigration Services, Reno, Nevada, for a photograph and fingerprints to process his Application for Travel Document (Form I-131).

35. On or about August 13, 2012, the defendant called Saroop in India and asked him to make arrangements for someone to deliver a threatening note containing a bullet to a lawyer.

All in violation of Title 18, United States Code, Section 956(a)(1).

COUNT TWO

(Conspiracy to Provide Material Support to Terrorists)

Beginning on a date unknown, but no later than on or about November 30, 1997, and continuing up to the date of the return of this indictment, in the District of Nevada and elsewhere, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to provide material support and resources, to wit: currency, monetary instruments, expert advice and assistance in the construction of an explosive device, weapons, and transportation, and to conceal and disguise the nature, location, source, and ownership of the material support and resources, knowing and intending that they were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 956(a)(1), Conspiracy to Murder, Kidnap, and Maim Persons in a Foreign Country; all in violation of Title 18, United States Code, Section 2339A(a).

COUNT THREE

(False Statement on an Immigration Document)

On or about July 13, 2012, in the District of Nevada, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to a material facts in an application and document required by the immigration laws and regulations prescribed

thereunder, to wit, an Application for Travel Document (Form I-131), that is, he stated that his name was Baljit Singh and that his date of birth was XXXXXXXXXX, 1975, which statements he knew to be false, and the offense was committed to facilitate an act of international terrorism (as defined in Section 2331(1) of Title 18); all in violation of Title 18, United States Code, Section 1546(a).

### COUNT FOUR

(Use of an Immigration Document Procured by Fraud)

On or about July 16, 2012, in the District of Nevada, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, in an Application for Travel Document (Form I-131), did knowingly possess and use a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, to wit, a Permanent Resident Card, which the defendant knew to have been procured by means of materially false claims and statements and to have been otherwise procured by fraud and unlawfully obtained, that is, in his Application to Register Permanent Residence or Adjust Status (Form I-485), which he submitted to the Department of Homeland Security, U.S. Citizenship and Immigration Services, he stated that his name was Baljit Singh and that his date of birth was XXXXXXXXXX, 1975, which statements he knew to be false, and he answered "no" to the following question: "Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity?," when in truth and fact, he had engaged in such activity and was a member of two terrorist organizations, namely, Babbar Khalsa International and Khalistan Zindabad Force, and the offense was committed to facilitate an act of international terrorism (as defined in Section 2331(1) of Title 18); all in violation of Title 18, United States Code, Section 1546(a).

## COUNT FIVE

(Unlawful Production of an Identification Document)

On or about July 26, 2012, in the District of Nevada, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, did knowingly and without lawful authority produce an identification document, to wit, a Nevada Commercial Driver License, which was made and issued by the Nevada Department of Motor Vehicles in the name of Baljit Singh, with a date of birth of XXXXXXXXXX, 1975, and the production of the identification document was in and affected interstate commerce and was transported in the mail in the course of the production, and the offense was committed to facilitate an act of international terrorism (as defined in Section 2331(1) of Title 18); all in violation of Title 18, United States Code, Sections 1028(a)(1) and (b)(4).

## COUNT SIX

(Use of an Immigration Document Procured by Fraud)

On or about July 26, 2012, in the District of Nevada, BALWINDER SINGH, aka Jhajj, aka Happy, aka Possi, aka Baljit Singh, defendant herein, in an application for a Nevada Commercial Driver License, did knowingly possess and use a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, to wit, a Permanent Resident Card, which the defendant knew to have been procured by means of materially false claims and statements and to have been otherwise procured by fraud and unlawfully obtained, that is, in his Application to Register Permanent Residence or Adjust Status (Form I-485), which he submitted to the Department of Homeland Security, U.S. Citizenship and Immigration Services, he stated that his name was Baljit Singh and that his date of birth was XXXXXXXXXX, 1975, which statements he knew to be false, and he answered "no" to the following question: "Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any material support to any person or organization

that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity?," when in truth and fact, he had engaged in such activity and was a member of two terrorist organizations, namely, Babbar Khalsa International and Khalistan Zindabad Force, and the offense was committed to facilitate an act of international terrorism (as defined in Section 2331(1) of Title 18); all in violation of Title 18, United States Code, Section 1546(a).

A TRUE BILL:

/S/
_____
FOREPERSON

DANIEL G. BOGDEN
United States Attorney

*(signature)*

SUE FAHAMI
Assistant United States Attorney

*(signature)*

BRIAN L. SULLIVAN
Assistant United States Attorney

*(signature)* For

MARA M. KOHN
Trial Attorney
Counterterrorism Section
United States Department of Justice
Washington, D.C.