UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 3:13-CR-117-LRH-VPC |
|---|---|
| Plaintiff, | |
| v. | ORDER APPROVING STIPULATION RE: DISCOVERY MATERIALS |
| BALWINDER SINGH, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between DANIEL G. BOGDEN, United States Attorney; SUE FAHAMI, Assistant United States Attorney; BRIAN L. SULLIVAN, Assistant United States Attorney; and MARA KOHN, Trial Attorney, Counterterrorism Section, United States Department of Justice, counsel for the UNITED STATES OF AMERICA, and RENE VALLADARES, Federal Public Defender, and MICHAEL J. KENNEDY, Chief Assistant Federal Public Defender, counsel for Defendant, that pursuant to F. R. Crim. P 16(d)(1), the Court enter the attached Protective Order Re: Discovery Materials.

1

1  The parties stipulate that they have a compelling interest in preventing certain discovery materials from being disclosed to anyone not a party to the court proceedings in this matter, or to anyone not assisting the parties' legal teams with preparation for the trial of this matter.

The parties further stipulate that such material may include information relevant to ongoing national security investigations and prosecutions, information provided to the United States by foreign law enforcement, and materials implicating the privacy interests of the defendant and third parties.

Dated this 10th day of March, 2014.

| | |
|---|---|
| DANIEL G. BOGDEN<br>United States Attorney | RENE VALLADARES<br>Federal Public Defender |
| /s/ Sue Fahami<br>SUE FAHAMI<br>Assistant United States Attorney<br>BRIAN L. SULLIVAN<br>Assistant United States Attorney<br>MARA M. KOHN<br>Trial Attorney<br>Counterterrorism Section<br>United States Department of Justice<br>Washington, D.C. | /s/ Michael J. Kennedy<br>MICHAEL J. KENNEDY<br>Assistant Federal Public Defender |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 3:13-CR-117-LRH-VPC |
|---|---|
| Plaintiff, | |
| v. | PROTECTIVE ORDER RE: DISCOVERY MATERIALS |
| BALWINDER SINGH, | |
| Defendant. | |

WHEREAS, the parties stipulate that they have a compelling interest in preventing certain discovery materials from being disclosed to anyone not a party to the court proceedings in this matter, or to anyone not assisting the parties' legal teams with preparation for the trial of this matter;

AND WHEREAS, such material may include information relevant to ongoing national security investigations and prosecutions, information provided to the United States by foreign law enforcement, and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further stipulate that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel

1

of record into two categories: (1) "general discovery materials", and (2) "sensitive discovery materials."[1] The category to which particular discovery materials belong shall be clearly identified by the government.

IT IS FURTHER ORDERED that, except as otherwise provided herein, the defendant, his counsel of record, or members of the defense team and others working at the direction of counsel of record or defense team members, shall not provide copies or reproductions of any "general discovery materials" to any individuals, organizations or other entities, other than: (i) the defendant; (ii) members of the defense team (counsel of record, paralegals, investigators, translators, litigation support personnel and secretarial staff); (iii) experts retained to assist in the preparation of the defense; and (iv) others working at the direction of counsel of record or defense team members. Counsel of record or members of the defense team may show and/or play audio and/or video recordings (but not provide copies of) discovery materials to witnesses or potential witnesses or others working at the direction of counsel of record or defense team members, if, in the sole discretion of counsel of record, he or she determines that it is necessary to do so for the purpose of preparing the defense of the case.

IT IS FURTHER ORDERED that, except as otherwise provided herein, counsel of record or members of the defense team shall not provide copies or reproductions of any "sensitive discovery materials" to any individuals, organizations or other entities, other than: (i) members of the defense team (counsel of record, paralegals, investigators, translators, litigation support personnel and secretarial staff, and others working at their direction); and (ii) experts retained to assist in the preparation of the defense. Counsel of record and members of the defense team may show and/or play audio and/or video

---

[1] "Sensitive discovery materials" includes: (1) declassified information; (2) materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, ("FISA") that are reviewed by or made available to the defendant or defense team in this case; (3) any materials or information relating to any cooperating witnesses; and (4) the affidavits filed in support of the search warrants issued by the United States Magistrate Judge in case number 3:13-MJ-0170-VPC, which are currently under seal.

recordings (but not provide copies of) sensitive discovery materials to the defendant, witnesses or potential witnesses, if, in the sole direction of counsel of record, he or she determines that it is necessary to do so for the purpose of preparing the defense of the case.

IT IS FURTHER ORDERED that counsel of record or members of the defense team may show and/or play audio/video recordings (but not provide copies of) of sensitive discovery materials to attorneys who are not counsel of record in this matter, if, counsel of record determines, in his or her sole discretion, that it is necessary to do so for the purpose of preparing the defense of the case. Prior to any such dissemination of discovery materials to any such attorney, however, counsel for the defendant shall: (1) provide a copy of this Protective Order to such attorney; and (2) instruct such individual that he or she may not further disseminate such materials except as permitted by the terms of this Protective Order.

IT IS FURTHER ORDERED that no individual to whom copies of sensitive discovery materials are provided, or to whom sensitive discovery materials are shown or discussed, shall further disseminate such materials except as permitted by the terms of this Protective Order. Prior to any dissemination of any copies of sensitive discovery materials to an individual, or prior to any sensitive discovery materials being shown to or discussed with any individual, counsel for the defendant shall: (1) provide a copy of this Protective Order to such individual; and (2) instruct such individual that he or she may not further disseminate such materials except as permitted by the terms of this Protective Order.

IT IS FURTHER ORDERED that all sensitive discovery materials in this case are now and will forever remain the property of the United States Government. Defense counsel will return all sensitive discovery materials, and any and all copies thereof, to the Government at the conclusion of the case,[2] except for any such materials that are admitted into evidence during a hearing or trial in this case.

---

[2] "Conclusion of the case" means after the completion of the trial and any appeals.

1 | Defense counsel in receipt of sensitive discovery materials may only make copies of such sensitive
2 | discovery materials in accordance with this Order.

3 | IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which
4 | include sensitive discovery materials or refer to the contents of sensitive discovery materials, or any
5 | papers responsive thereto, shall be filed under seal.

6 | IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense, and
7 | used by the defense, solely for the purpose of allowing the defendant to prepare his defense.

8 | IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the
9 | defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of
10 | discovery material.

11 | FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to
12 | seek a revision of the Order or to challenge any designation of materials as sensitive discovery materials
13 | by appropriate motion to the Court.

Dated this 6th day of May, 2014.

_____
LARRY R. HICKS
United States District Judge