UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00117-LRH-VPC |
| Plaintiff, | CIPA SECTION 4 ORDER |
| v. | |
| BALWINDER SINGH,<br>  aka Jhajj,<br>  aka Happy,<br>  aka Possi,<br>  aka Baljit Singh, | |
| Defendant. | |

UNCLASSIFIED ORDER APPROVING DELETION OF CLASSIFIED MATERIALS FROM DISCOVERY PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

This matter has come before the Court on the Government's Classified *In Camera Ex Parte* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed June 30, 2016. Having reviewed the Government's CIPA Motion and attachments, the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte*, *in camera* inspection and consideration of the Government's motion and attachments, the Court concludes that:

///

1. Defendant is charged in an indictment with one count of Conspiracy to Murder, Kidnap, and Maim Persons in a Foreign Country in violation of 18 U.S.C. § 956(a)(1); one count of Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A(a); one count of False Statement on an Immigration Document in violation of 18 U.S.C. § 1546(a); two counts of Use of an Immigration Document Procured by Fraud in violation of 18 U.S.C. § 1546(a); one count of Unlawful Production of an Identification Document in violation of 18 U.S.C. §§ 1028(a)(1) and (b)(4) and one count of Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5861(f) and 5871.

2. On June 30, 2016, the United States of America, by and through its attorneys of record, moved, *ex parte*, *in camera* and under seal, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App 3, and Fed. R. Crim. P. 16(d)(1) for authorization to "delete" from discovery certain classified materials (the Classified Materials). The Government seeks to delete the Classified Materials from discovery since they are not both relevant and helpful to the defense, and because their unauthorized disclosure at this time has the potential to cause serious damage to national security.

3. Through the declarations of United States Government officials, the Government submitted with the CIPA Motion, the Government has properly invoked its classified information and national security privilege with respect to the Classified Materials.

4. The CIPA Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the classified CIPA motion and memorandum of law, declarations, and attachments.

5. The disclosure of the Classified Materials at this time would cause serious damage to the national security.

6. The "relevant and helpful" standard adopted to CIPA Section 4 in <u>United States v. Yunis</u>, 867 F.2d 617 (D.C. Cir. 1989) (and originally articulated in <u>United States v. Roviaro</u>, 353 U.S. 53 (1975)), is the appropriate standard by which to analyze the

1 discoverability of classified information where, as here, the government has properly
2 invoked the national security and classified information privilege. To this end, the Court
3 finds that in applying the <u>Yunis/Roviaro</u> standard, none of the Classified Materials is
4 "relevant and helpful to the defense." This order applies to each of the Government's
5 discovery obligations under Federal Rule of Criminal Procedure 16, as well as the <u>Jencks
6 Act</u> and <u>Brady v. Maryland</u>, <u>Giglio v. United States</u>, and their progeny.

    7. Because the Classified Materials are not both relevant and helpful to the defense, the Court need not balance the government's national security interest against the defense interest in access to the material.

Accordingly, pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App 3, and Fed. R. Crim. P. 16(d)(1), IT IS HEREBY ORDERED that:

    1. The Government's CIPA Motion is hereby GRANTED.

    2. The Classified Materials shall be deleted from discovery and shall not be disclosed to defendant, his counsel, or the public.

    3. The CIPA Motion and its attachments are hereby SEALED and shall be retained in accordance with established security procedures until further order of this Court.

    IT IS SO ORDERED.

    DATED this 18th day of October, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE