UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

BALWINDER SINGH,

Defendant.

Case No. 3:13-cr-0117-LRH-VPC

ORDER

Before the court are defendant Balwinder Singh's ("Singh") pretrial motions including: motion for notice of intent to introduce evidence (ECF No. 49); motion to permit attorney questioning of prospective jurors (ECF No. 50); motion to use a jury questionnaire (ECF No. 51); motion for a bill of particulars (ECF No. 52); motion to inspect and produce personnel files of federal law enforcement agents (ECF No. 55); motion for hearing regarding admissibility of co-conspirator hearsay statements (ECF No. 56); and motion to sever trial (ECF No. 72).

**I. Facts and Procedural Background**

On May 14, 2014, defendant Singh was charged by superseding indictment with seven counts including: (1) conspiracy to murder, kidnap, and maim persons in a foreign country in violation of 18 U.S.C. § 956(a)(1); (2) conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A(a); (3) false statements on an immigration document in violation of 18 U.S.C. § 1546(a); (4) use of an immigration document procured by fraud in violation of 18 U.S.C. § 1546(a); (5) unlawful production of an identification document in violation of

18 U.S.C. §§ 1028(a)(1) and (b)(4); (6) use of an immigration document procured by fraud in violation of 18 U.S.C. § 1546(a); and (7) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. ECF No. 25. Singh has pled not guilty to all charges. ECF No. 28. A jury trial is currently scheduled for Tuesday January 31, 2017.

**II. Motion for Notice of Intent to Introduce Evidence (ECF No. 49)**

Singh's first pretrial motion is for an order directing the government to provide at least sixty (60) days' notice of its intent to offer evidence under Rule 404(b) of the Federal Rules of Evidence. Rule 404 provides that "[o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." FED. R. EVID. 404(b)(2). The purpose of pretrial notice is to reduce surprise and promote early resolution of evidentiary issues. However, Rule 404 does not provide a specific time frame for "reasonable notice."

In his motion, Singh contends that sixty days' notice is sufficient time for the government to determine whether it intends to proffer such evidence while also permitting defense counsel to file any pertinent pretrial motions in limine. *See* ECF No. 49. The court has reviewed Singh's request and finds that due to the complex nature of this action and the timeframe for filing pretrial motions in limine, thirty (30) days' notice of the government's intent to introduce evidence under Rule 404(b) is reasonable. Thirty days is sufficient to provide defense counsel with an opportunity to review the government's proposed evidence and prepare any related motions in limine while also providing the government with a reasonable amount of time to determine whether it intends to proffer such evidence. Accordingly, the court shall grant Singh's motion in accordance with this order.

**III. Motion to Permit Supplemental Attorney Examination (ECF No. 50)**

Rule 24 of the Federal Rules of Criminal Procedure provides that "[t]he court may examine prospective jurors or permit the attorneys for the parties to do so." FED. R. CRIM. P. 24(a)(1). However, "[i]f the court examines the jurors, it must permit the attorneys for the parties to: (A) ask further questions that the court considers proper; or (B) submit further questions that

the court may ask if it considers them proper." FED. R. CRIM. P. 24(a)(2). In the Ninth Circuit, it is well established that "the scope of the voir dire examination and the procedures to be utilized therein are matters within the sound discretion of the trial judge." *United States v. Heck*, 499 F.2d 778, 790 (9th Cir. 1974). Further, the court is in the best position to strike a balance between "a vigorous voir dire to determine any possible bias and avoidance of creating bias by specific questions which add 'fuel to the flames' in suggesting the presence of controversial issues." *United States v. Giese*, 597 F.2d 1170, 1183 (9th Cir. 1979).

In his motion, Singh requests that instead of submitting further questions for review, the court should permit counsel to directly question prospective jurors on any further issues. The court has reviewed Singh's motion and finds that direct attorney examination during voir dire of prospective jurors is not necessary. The court's practice is to allow counsel to submit proposed voir dire questions which the court reviews before asking appropriate questions to the prospective jurors. After this initial voir dire, the court will then allow counsel to request that the court ask additional questions prior to concluding the court's examination. This practice is in accord with the requirements of Rule 24(a)(2) and is sufficient to safeguard Singh's right to an impartial jury. Therefore, the court shall deny the motion.

**IV. Motion to Use a Case Specific Jury Questionnaire (ECF No. 51)**

Singh next moves for use of a case-specific jury questionnaire to be sent out to prospective jurors prior to jury selection. Singh contends that the use of a case-specific jury questionnaire is pivotal and necessary to ensure a fair trial and an impartial jury. The court disagrees.

First, the court notes that Singh has not attached any proposed jury questionnaire for the court's review. Second, Singh has not made any showing that such a procedure is necessary to ensure an impartial jury in this action. Rather, the court finds that its standard voir dire practice will provide sufficient constitutional safeguards to ensure that a fair and impartial jury is selected. S*ee United States v. Vega-Rubio*, No. 2:09-cr-0113-GMN-PAL, 2011 WL 220033, *11 (D. Nev. 2011) (denying defendant's motion to use a case-specific jury questionnaire and maintaining that "the Court's oral questioning during voir dire will provide sufficient

constitutional safeguards to ensure that a fair and impartial jury is selected.”). Accordingly, the court shall deny Singh’s motion.

**V. Motion for a Bill of Particulars (ECF No. 52)**

In his fourth pretrial motion, Singh moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7. Rule 7(f) provides that “[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.” FED. R. CRIM. P. 7(f). The purpose of a bill of particulars is “to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial.” *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

In this action, the superseding indictment charges Singh with seven counts including multiple conspiracy charges. Singh contends that the manner and means of the conspiracies as alleged in the superseding indictment do not provide sufficient information to allow him to prepare for trial. Specifically, Singh argues that although he is alleged to have conspired to murder, kidnap and maim individuals in a foreign country, the superseding indictment does not specify exactly who was murdered, kidnapped, or maimed. As such, Singh contends that the indictment lacks sufficient information to enable him to prepare for trial. The court disagrees.

The court has reviewed the motion and pleadings on file in this matter and finds that Singh’s motion for a bill of particulars is without merit. First, Singh failed to file the motion within 14 days of the superseding indictment. *See* FED. R. CRIM. P. 7(f) (stating a general 14-day time period to file a motion for bill of particulars). Second, the court finds that the superseding indictment sufficiently apprises Singh of the conspiracy offenses with which he has been charged and of the relevant overt acts for Singh to prepare for trial. In this case, the superseding indictment is extremely detailed. The document itself is 12 pages long and provides extensive information related to all of the counts asserted including the specific objects of the conspiracy, the manner and means of the conspiracy, and 35 separate overt acts in furtherance of the conspiracies. In fact, the descriptions of the overt acts alone encompass 4 pages of the superseding indictment. Further, the superseding indictment provides Singh with extensive

information related to the time periods, locations, activities, the names of primary actors, and the methods, means and nature of the conspiracies and illegal acts at issue.

Additionally, Singh is not entitled to a bill of particulars setting forth the specific information he requests including the names of people killed or intended to be killed, the times certain bombings of kidnappings took place, and other acts that were the intended objects of the conspiracies. Such a request is effectively equivalent to a request for complete discovery of the government's evidence which is not the purpose behind a bill of particulars. *Giese*, 597 F.2d at 1181; *see also, United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (The defendant's constitutional right is to know the offense with which he is charged, not the details of how it will be proved); *United States v. Miguel*, 2010 U.S. Dist. LEXIS 94202, at *3 (D. Haw. 2010) (holding that a bill of particulars is not the proper means by which a defendant may obtain the names of any unknown conspirator or determine the overt acts constituting the charged activity). Moreover, "[t]o the extent the motion seeks particulars with respect to the time, date, places, and acts through which [the defendant] allegedly joined and participated in the conspiracy, and the witnesses present, it improperly seeks evidentiary detail." *United States v. Aguilar*, 2011 U.S. Dist. LEXIS 55618, at *2 (D. Nev. 2011). Therefore, the court shall deny the motion.

**VI. Motion to Inspect and Produce Personnel Files (ECF No. 55)**

In his fifth pretrial motion, Singh requests an order requiring the government to inspect the personnel files of all federal law enforcement agents and federal task force officers it intends to call as witnesses at trial and produce any relevant impeachment evidence to defense counsel.

The court has reviewed Singh's motion and finds that it is premature. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976), a defendant has the right to production of exculpatory evidence in the possession of the government. Further, the government has a duty to examine the personnel files of law enforcement officers it intends to call as witnesses once a defendant requests production of the files. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). Here, the government has stated to the court that it will comply with its obligations under *Henthorn* and has already begun its review process by determining which federal law enforcement officers it expects to testify at trial. If any exculpatory or

impeachment evidence is located in any of the files at issue, the government has stated that it will provide that information to defendant. At this point, however, there is no action for the court to take. If at some point in the future the government states its intention to call a law enforcement witness for whose personnel file has not been provided, then such issue can be brought to the court's attention. Therefore, the court shall deny Singh's motion at this time.

**VII. Motion for Hearing Regarding Admissibility of Evidence (ECF No. 56)**

Singh's sixth pretrial motion requests a hearing under Federal Rule of Evidence 104[1] to determine the admissibility of alleged co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). In effect, Singh's motion requests a hearing pursuant to *United States v. James* to determine in advance of trial "what co-conspirator statements are and are not admissible at trial." 590 F.2d 575 (5th Cir. 1979). However, in the Ninth Circuit such a hearing is disfavored. *See United States v. Zemek*, 634 F.2d 1159, 1169 n.13 (9th Cir. 1980). Rather, the preferred and accepted practice in the Ninth Circuit is for "the trial judge [to] make a preliminary determination of admissibility or [to] admit the testimony conditionally" at trial "subject to 'connecting up' with the foundation" later laid by the prosecution. *United States v. Gere*, 662 F.2d 1291, 194 (9th Cir. 1981). The court finds that this practice, the provisional admission of co-conspirator's statements during trial, is the appropriate practice in this action as it allows the government, through its case-in-chief, to present the necessary evidence to lay proper foundation for such co-conspirator statements and allows the court to properly evaluate the admissibility of such evidence in context at trial. In contrast, a pretrial evidentiary hearing to address the admissibility of all proposed co-conspirator statements would create a mini-trial solely about proposed evidence at a time when the court does not have the full context of the proposed evidence and the necessary facts to determine eligibility. Accordingly, the court shall deny Singh's motion.

///

///

[1] Rule 104(a) provides that the "court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104(a).

**VII. Motion to Sever Trial (ECF No. 72)**

Federal Rule of Criminal Procedure 8 provides that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CIV. P. 8(a). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). Rule 8 is broadly construed in favor of joinder. *United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007). ("When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate.").

In his final pretrial motion, Singh moves for an order severing count seven (7) of the superseding indictment - for possession of an unregistered firearm - from the other six counts of the indictment. Singh argues that the possession of an unregistered firearm charge is neither of the same character, nor based on the same act or transaction, as the conspiracies charged in counts one through six and should be severed from the upcoming trial. The court disagrees.

As repeated throughout the superseding indictment, the objective of the conspiracies charged in the indictment was to advance the goals of various terrorist organizations by "raising money and obtaining weapons to support acts of terrorism in India" and three of the overt acts alleged in Count One specifically refer to obtaining weapons and ammunition. *See* ECF No. 25. Thus, Singh's possession of an unregistered firearm is relevant to, and in similar character of, the conspiracy counts. Further, prosecuting the possession of the unregistered firearm at the same time as the other counts does not create any manifest prejudice to Singh in light of the fact that the superseding indictment specifically alleges that he was obtaining weapons to support acts of terrorism. Therefore, the court shall deny the motion.

///

///

///

///

IT IS THEREFORE ORDERED that defendant's motion for notice of intent to introduce evidence (ECF No. 49) is GRANTED in accordance with this order. The government shall provide notice of its intent to introduce evidence under Federal Rule of Evidence 404(b) at least thirty (30) days prior to trial.

IT IS FURTHER ORDERED that defendant's motion to permit supplemental attorney examination (ECF No. 50); motion to use a specific jury questionnaire (ECF No. 51); motion for a bill of particulars (ECF No. 52); motion to inspect and produce personnel files of federal law enforcement agents and officers (ECF No. 55); motion for hearing regarding admissibility of co-conspirator hearsay statements (ECF No. 56); and motion to sever trial (ECF No. 72) are DENIED.

IT IS SO ORDERED.

DATED this 2nd day of November, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE