UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00117-LRH-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BALWINDER SINGH, | |
| Defendant. | |

Before the Court is Defendant Baldwinder Singh's ("Singh") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 121), Counsel for Singh filed a Notice of Non-Supplementation (ECF No. 123), and the Government filed a Response in opposition (ECF No. 125). Singh did not file a reply and the time to file any reply has elapsed, however Singh filed an Affidavit entitled "Singh's Rock Solid Release Plan Supplementing Document 123" on July 28, 2023. ECF 129. For the reasons articulated in this Order, the Court denies Singh's Motion for Reduction of Sentence.

**I.     BACKGROUND**

On November 29, 2016, pursuant to a Binding Plea Agreement (ECF No. 110) Singh pled guilty to Count 1 of the Superseding Felony Information (ECF No. 109) charging him with Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. § 2339(A)(a). On March 7, 2017, and as agreed upon in the Binding Plea Agreement, Singh was sentenced to one hundred and eighty (180) months imprisonment with lifetime supervised release. ECF No. 118. Singh has served less than 10 years of his sentence. ECF No. 125, 3:6-7.

Singh requests that his sentence be reduced to time served and that the Court appoint the Federal Public Defender to represent him. ECF No. 121 at 2; 11. Singh argues for compassionate release based on several claimed extraordinary circumstances: 1) his sentence is unjust as he is unable to receive any First Step Act (FSA) time benefits (*Id.* at 16-19); 2) Singh's minor daughter is suffering from severe depression and has made suicide attempts and he needs to be there to help care for her both emotionally and financially (*Id.* at 20); 3) Singh has latent tuberculosis, hypertension/high blood pressure, high cholesterol, obesity, depression, and PTSD and they alone warrant release (*Id.* at 23-32); (4) Singh's medical conditions also increase the severity of any potential Covid-19 infection (*Id.* at 34-41); and (5) the conditions of his confinement are unduly harsh since he is far away from his family, has experienced frequent lockdowns due to Covid, and he is prevented from practicing certain aspects of his religion (*Id.* at 44, 48-49).

The Government refutes all of Singh's claims of extraordinary circumstances: 1) Singh's sentence is just, as the participation in certain programs under FSA has never been held as a disparity in sentencing, and if they were, the records Singh has provided shows that he is receiving good time credits (ECF No. 125, 7-9); 2) Singh is not the only available caretaker for his daughter, that his wife, who is his daughter's mother, remains available to care for her, and that single parenting of troubled children is not extraordinary (*Id.* at 9-11); 3) Singh's medical conditions, some of which are not documented, are routinely and capably dealt with by the BOP, and that early release is not the proper avenue for seeking relief (*Id.* at 11-13); 4) Singh's risk of severe complications if infected by Covid can be mitigated by receiving the vaccine, which the Government notes Singh has declined,[1] additionally although courts at the beginning of the pandemic granted early release, the pandemic is now over and the BOP facility where Singh is incarcerated reports zero Covid infections (*Id.* at 14-17); and 5) the lockdowns due to Covid are not a compelling reason to reduce a sentence, the federal courts do not exercise control of where prisoners are incarcerated, and any religion claims already have an established framework to remedy through the Religious Land Use and Institutionalized Person Act ("RLUIPA") (*Id.* at 17-

---

[1] The Government also notes that a vaccine for the Omicron variant is now available. ECF No. 125, 16:19-17:6.

19). Furthermore, the Government argues that even if the Court was so inclined to grant a reduction of sentence due to extraordinary circumstances, it would be moot as the United States will seek to have Singh permanently removed (deported) from the United States at the conclusion of his term of imprisonment. *Id.* at 6:1-7:11.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Singh indicates that he made a request for compassionate release on March 18, 2023. ECF No. 121 at 4. The Government concedes the issue. ECF No. 125 at 5. Therefore, the Court will decide Singh's motion on the merits.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)     (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

3

(3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2021). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a), "to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction." Section 3553(a) provides, in relevant part:

> (a) **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) the need for the sentence imposed—
>     …
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   . . .
>   (4) the kinds of sentence and the sentencing range established for
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>     …
>     (B) in the case of a violation of probation or supervised the release, the applicable policy statements issued by the Sentencing Commission
>     …
>   (5) any pertinent policy statement …
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense[.]

### III. DISCUSSION

As to Singh's request to be appointed a federal public defender to represent him, the Court would note pursuant to this Court's General Order 2020-06, Assistant Federal Public Defender Heidi Ojeda has been assigned. *See* Notice of Non-Supplementation, ECF No. 123. As to the

requirements of 18 U.S.C. § 3582(c)(1)(A)(ii), Singh does not qualify for early release under the age provision: he is only 49 years old and has served under 10 years of his 180-month sentence. PSR at 2; ECF No. 125, 3:6-7. Finally, after considering the factors set forth in section 3553(a), the Court does not find that extraordinary and compelling reasons exist to consider a sentence reduction as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Whether a defendant receives FSA time benefits is not an extraordinary circumstance. Singh is not the only available caretaker for his daughter. Singh's medical conditions, although concerning, are not terminal. The conditions at the BOP facility Singh is incarcerated at shows zero covid infections and Singh has not taken any steps to better protect himself from contracting the virus. The authority of where Singh is placed and how often lockdowns due to Covid are conducted, lies with the BOP. Seeking a reduction of his sentence is not the proper avenue to address any claims seeking relief from improper treatment of his medical conditions and relief regarding freedom of religion civil rights.

Furthermore, even if the Court thought that extraordinary and compelling reasons exist in this case, which it does not, the Court finds that maintaining the safety of the community weighs heavily against early release. Singh's crime was very serious. Singh was originally indicted with six counts on December 18, 2013. ECF No. 1. On May 14, 2014, Singh was charged with seven counts in the Superseding Indictment. ECF No. 25.[2] However, both were dismissed due to his Binding Plea Agreement where he was only charged and convicted on Count 1 (Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. § 2339(A)(a)). *See* Superseding Felony Information (ECF No. 109) filed November 29, 2016. In addition, these were not isolated charges. As noted in his Presentence Investigation Report ("PSR"), Singh "is currently wanted by Indian authorities on charges of conspiring to blow up at least one passenger bus by twin bomb blasts at the Jalandhar bus stand in April 2006, in which three people were killed." PSR, ¶38.

---

[2] In the Superseding Indictment (ECF No. 25) Singh was charged with: 1) Conspiracy to Murder, Kidnap, and Maim Persons in a Foreign Country in violation of 18 U.S.C. § 956(a)(1); 2) Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. § 2339A(a); 3) False Statement on an Immigration Document in violation of 18 U.S.C. § 1546(a); 4) Use of an Immigration Document Procured by Fraud 18 U.S.C. § 1546(a); 5) Unlawful Production of an Identification Document in violation of 18 U.S.C. §§ 1028(a)(1) and (b)(4); 6) Use of an Immigration Document Procured by Fraud in violation of 18 U.S.C. § 1546(a); and 7) Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

The nature of the offense, Singh's characteristics, and the need for adequate deterrence, to promote respect for the law, and to provide just punishment greatly outweigh the sum of everything cited by Singh. The Court acknowledges and commends Singh for his purported good behavior while imprisoned. However, as stated above, the Court does not find extraordinary and compelling reasons for relief.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Singh's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 121) is **DENIED**.

IT IS FURTHER ORDERED that the Government's Motion for Leave to File Sealed Exhibit (ECF No. 126) is **GRANTED**.

IT IS SO ORDERED.

DATED this 6th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE